UNITED STATES OF AMERICA

v.

| | |
|---|---|
| JAMES ARTHUR SICKLER<br>Name | CR 05-162-KI<br>Court Number |
| 707 NE Everett St., #502<br>Street Address | 2005R00257<br>U.S. Attorney's File No. |
| Portland, Oregon 97205<br>City | |

## AGREEMENT FOR PRETRIAL DIVERSION

You are reported to have committed an offense against the United States on or about March 13, 2005 in violation of Title 18, United States Code, Section 111 in that you impeded, intimidated, and interfered with an officer of the United States. You accept responsibility for your behavior by your signature on this Agreement. It has been determined, after investigation of the offense and your background, that your interest and the interest of justice will be served by the following procedure; therefore

On the authority of the Attorney General of the United States, by Karin J. Immergut, United States Attorney for the District of Oregon, prosecution in this District for this offense shall be deferred for the period of eight (8) months from the date this Agreement is signed and entered by the court, provided you abide by the following conditions and requirements of this Agreement set out below.

Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any conditions of this pretrial diversion program or change the period of supervision, which shall in no case exceed eighteen months. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this Agreement. You have no right to a hearing or appeal from the decision of the United States Attorney.

After successfully completing your diversion program and fulfilling all the terms and conditions of this Agreement, no prosecution for the offense set out in paragraph 1 of this Agreement will be instituted in this District, and the charges against you will be dismissed.

Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.

## Conditions of Pretrial Diversion

1. You shall not violate any law (federal, state and local). You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. In the absence of a special program, when out of work or unable to attend school, you shall notify your pretrial diversion supervisor at once. You shall consult her or him prior to job or school changes.

3. You shall continue to live in this judicial district. If you intend to move out of the district, you shall obtain approval from your pretrial diversion supervisor so that the appropriate transfer of program responsibility can be made.

4. You shall comply with the following special program and conditions:

   a) You shall report to Pretrial Services as directed and keep her or him informed of your general whereabouts;

   b) You shall not change place of residence without the prior approval of U.S. Pretrial Services.

   c) Refrain from use, consumption or possession of any alcoholic beverage/controlled substance in any form, under any circumstances, unless with prior written approval of the U.S. Pretrial Services Officer or as may be lawfully prescribed in writing by a licensed physician or dentist. A copy of the original written prescription must be shown to the U.S. Pretrial Services Officer within 10 days after defendant received the medication, including over-the-counter medications being taken that might produce a positive test result on a urinalysis test.

   d) The defendant shall submit at any time to any body substance tests (including breath, blood and urinalysis testing) as may be requested by the U.S. Pretrial Services Officer. Should results indicate the use of controlled

substances, the defendant shall undergo drug counseling as directed by Pretrial Services.

     e)    Participate in a mental health evaluation and counseling at the direction of U.S. Pretrial Services and take medication as prescribed be a physician.

     f)    Neither own, possess, nor control any firearm (or other specified weapon).

     g)    Submit to search of person, place of residence and vehicle at the direction of U.S. Pretrial Services.

     h)    Abide by all previously imposed conditions of Washington and Multnomah County Courts' probation.

     i)    Defendant is prohibited from having contact with any government agency unless authorized in writing by U.S. Pretrial Services.

     j)    The defendant shall not use any product containing pseudoephedrine.

## Acknowledgment

I understand and agree that the decision as to whether or not I am in violation of the terms of the Agreement is solely that of the United States Attorney in consultation with the U. S. Pretrial Services Office.

I understand the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I hereby request that the United States Attorney for the District of Oregon defer any prosecution of me for violation of Title 18, United States Code, Section 111 for the period of eight (8) months, and I agree that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of eight (8) months, which is the period of this Agreement.

    I understand that, in the event this agreement is successfully completed and the charge is dismissed, I will not seek attorneys fees, and will not assert that such a dismissal makes me a prevailing party, under Title 18, United States Code, Section 3006A.

    I also knowingly waiver any right which may exist under a "Pretrial Diversion Operations Agreement" in this District to file any motion requesting expungement of my arrest or other criminal record in connection with this pretrial diversion matter.

    I understand the conditions of my pretrial diversion and agree that I will comply with them.

| Date | Signature |
|---|---|
| 9/1/05 | JAMES ARTHUR SICKLER, Name of Divertee |
| 9/1/05 | ELLEN PITCHER, Defense Counsel |
| 8/24/05 | CHARLES F. GORDER, JR., Assistant U.S. Attorney |
| 9/6/05 | MICHELLE MARTINS, U.S. Pretrial Services Officer |

APPROVED:

| Date | |
|---|---|
| 9-12-05 | HONORABLE GARR M. KING |